{¶ 44} I concur in judgment only, for I have reservations about the reasoning behind the majority opinion. Specifically, I respectfully disagree with the majority in holding that appellant was not in "custody" when being questioned by the police officer. In this case, the officer first asked the passenger to exit the vehicle, and then he reached inside it and retrieved an open beer can, which he then poured out onto the ground. With those two acts of apparent authority, he clearly demonstrated who was, and was not, in control of appellant's liberty.
 {¶ 45} As stated by this court:
 {¶ 46} "Following these cases, we hold that asking Santiago to step out of her vehicle exceeded the scope of a consensual encounter. A reasonable person would not feel they were at liberty to decline the officer's request. Further, we see no reasonable way for an individual in Santiago's scenario to terminate the encounter. If the person merely ignores the officer, this will heighten the officer's suspicion. If the individual was truly `free to leave' they could just drive off. We do not believe that a reasonable person would feel they are free to drive off after a uniformed police officer has asked them to step out of a parked vehicle."[1]
[1] State v. Santiago (Mar. 29, 2002), 11th Dist. No. 2000-L-168, 2002 Ohio App. LEXIS 1488, at *9.